UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

BRANDEN MICHAEL WIREMAN,

          Plaintiff,

v.

CRISSA D. BLANKENBURG et al.,

          Defendants.

_____/

Case No. 1:25-cv-350

Honorable Ray Kent

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.5.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros.,*

*Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Saginaw County Correctional Facility (SRF) in Freeland, Saginaw County, Michigan. Plaintiff sues Michigan Parole Board Members Crissa D. Blankenburg and Cynthia L. Garcia-Weakley in their official capacities. (Compl., ECF No. 1, PageID.2.) Plaintiff was incarcerated at SRF when he had parole interviews with Defendants. (*See id.*, PageID.2, 4.)

In Plaintiff's complaint, he states that Defendants Blankenburg and Garcia-Weakley denied him parole in March of 2025. (*See id.*, PageID.3, 4.) Plaintiff alleges that in his parole

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

3

interview with Defendant Blankenburg, Plaintiff informed Blankenburg that he is "in security level 4 housing, which is unlawful imprisonment and cruel and/or unusual punishment,[2] and that [he is] supposed to be in level 2 housing."[3] (*Id.*, PageID.4.) Plaintiff states that he "made it noticeable that [he has] never been classified for level 4 housing in [his] life." (*Id.*) Further, in the interview, Plaintiff "stated . . . that [he had] declined core programming for 3rd terminations so there is no more programming," yet "they are trying to force [Plaintiff] to do programs." (*Id.*) Additionally, Plaintiff alleges that he is supposed to be eligible for "P.A. 511 programming," and "these 2 parole board member will not do their jobs make sure he [gets this] programming." (*Id.*)

Plaintiff claims that Defendant Blankenburg "lied in the parole interview and said in her words 'you get your parole' just before ending [the] parole interview video." (*Id.*) Plaintiff also claims that Defendants "did not use [his] prison central office file in consideration of [his] interview or [his] parole like they are supposed to," and that his "2018 HYTA convictions are not to be used against [him] in the court of law." (*Id.*)

Thereafter, Plaintiff received his "parole notice of action," and in this notice, Plaintiff contends that Defendants Blankenburg and Garcia Weakley "put slander on [his] name, stating that [Plaintiff] blamed staff or others for causing misconducts, when [Plaintiff] just stated what was written in the misconduct by the captain . . . at Saginaw." (*Id.*) Plaintiff also contends that

---

[2] Plaintiff alleges no facts to suggest that Defendants are involved in the determination of his security classification and housing placement at SRF. (*See generally* Compl., ECF No. 1.) Under these circumstances, to the extent that Plaintiff intended to bring any claims against Defendants regarding his security classification and housing placement, these claims would be dismissed for failure to state a claim upon which relief may be granted.

[3] In this opinion, the Court corrects the spelling, capitalization, and punctuation in quotations from Plaintiff's complaint.

4

Defendants "stated [that Plaintiff] had assaultive behavior on parole/probation when [he] did not, and the 2 members have nothing to prove that." (*Id.*)

Additionally, Plaintiff claims that "in the past, lots of white people have had problems with [Defendant] Blankenburg because of the color of their skin," and Plaintiff "think[s] and believe[s] that [Defendant] Blankenburg determined [his MDOC] Parole Board Notice of Action/Decision based off the color of [his] skin like all the other white people that she has denied." (*Id.*, PageID.3.) Plaintiff also claims that "there is supposed to be 3 parole board members that determine the Action/Decision from [the] interview video to paper notice and the[re] is not." (*Id.*)

Based on the foregoing allegations, the Court construes Plaintiff's complaint to raise Fourteenth Amendment due process and equal protection claims, as well as a state law "slander" claim. (*Id.*, PageID.5.) As relief, Plaintiff asks that the Court "help [him] with [his] parole" and "make [Defendants] pay for the problems they are causing [Plaintiff] in the MDOC."[4] (*Id.*)

---

[4] Plaintiff does not specifically request that he be released from prison; instead, he asks for unspecified "help with [his] parole." (*See* Compl., ECF No. 1, PageID.5.) To the extent that Plaintiff is seeking release from incarceration, in *Preiser v. Rodriguez*, the United States Supreme Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." 411 U.S. 475, 500 (1973). The Supreme Court specifically rejected the proposition that a suit under § 1983 provided a viable alternate path to obtain that relief. Thus, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration and seeks release from incarceration, it must be dismissed because Plaintiff has failed to state a claim under § 1983 upon which the relief he seeks may be granted. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (holding that dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement). Moreover, the Court will not construe this action as a federal habeas corpus action "because habeas relief is available only to prisoners who are in custody in violation of the Constitution or laws of the United States," and "[t]here is no constitutional right to parole and the laws of Michigan do not create a liberty interest in parole." *Walton v. Michigan*, 115 F. App'x 786, 787 (6th Cir. 2004) (citations omitted); *see also Moore v. Pemberton*, 110 F.3d 22, 23–24 (7th Cir. 1997) (discussing that the reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements,

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

---

(5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    Fourteenth Amendment Claims

#### 1.    Procedural Due Process Claims

The Court first construes Plaintiff's complaint to raise a procedural due process claim regarding his right to receive parole. (*See* Compl., ECF No. 1, PageID.3–4.)

To establish a procedural due process violation, a plaintiff must show that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006); *see also Swihart v. Wilkinson*, 209 F. App'x 456, 458 (6th Cir. 2006). Plaintiff's procedural due process claim based on a right to parole fails to raise a claim of constitutional magnitude because he has no liberty interest in being released on parole. Indeed, there is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164–65 (6th Cir. 1994) (en banc), the United States Court of Appeals for the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole. The Sixth

7

Circuit reiterated the continuing validity of *Sweeton* in *Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011). In *Crump*, the Sixth Circuit held that the adoption of specific parole guidelines since *Sweeton* does not lead to the conclusion that parole release is mandated upon reaching a high probability of parole. *See id.*; *see also Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003). In addition, the Sixth Circuit has rejected the argument that the Due Process Clause is implicated when changes to parole procedures and practices have resulted in incarcerations that exceed the subjective expectation of the sentencing judge. *See Foster v. Booker*, 595 F.3d 353, 369 (6th Cir. 2010). Finally, the Michigan Supreme Court has recognized that there exists no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603–04 (Mich. 1999).

Under this authority, Plaintiff has no reasonable expectation of liberty until he has served his maximum sentence.[5] The discretionary parole system in Michigan holds out "no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 11. Thus, any determinations regarding Plaintiff's parole eligibility and any failure or refusal by the Michigan Parole Board to consider Plaintiff for, or grant him, parole does not implicate a federal right.[6] In the absence of a liberty interest, Plaintiff fails to state a claim for a violation of his procedural due process rights. Accordingly, Plaintiff's Fourteenth Amendment procedural due process claims against Defendants regarding his parole eligibility will be dismissed for failure to state a claim.

---

[5] Plaintiff's "maximum discharge date" is August 23, 2031. *See* MDOC Offender Tracking Information System, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=476220 (last visited Apr. 16, 2025).

[6] Similarly, with respect to Plaintiff's allegation that he is supposed to be eligible for "P.A. 511 programming," and "these 2 parole board member will not do their jobs to make sure he [gets this] programming" (Compl., ECF No. 1, PageID.4), "[p]risoners have no constitutional right to rehabilitation, education, or jobs." *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (citations omitted). Therefore, to the extent that Plaintiff intended to raise a separate claim regarding his access to this program, he fails to state a claim.

### 2.    Substantive Due Process Claims

To the extent that Plaintiff intended to raise a substantive due process claim regarding the Michigan Parole Board's refusal to grant Plaintiff parole, as explained below, he fails to state such a claim. "Substantive due process . . . serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)). Specifically, "[s]ubstantive due process 'prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty.'" *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). "Conduct shocks the conscience if it 'violates the decencies of civilized conduct.'" *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998)).

Here, although Plaintiff believes that Defendants "lie[d]" and relied on incorrect information when they denied Plaintiff parole (*see* Compl., ECF No. 1, PageID.4, 5), the facts alleged in the complaint fall short of showing the sort of egregious conduct that would support a substantive due process claim. *Cf. Cale v. Johnson*, 861 F.2d 943, 950 (6th Cir. 1988) (holding that framing an inmate by planting evidence may violate substantive due process where a defendant's conduct shocks the conscience and constitutes an "egregious abuse of governmental power"), *overruled in other part by Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999) (en banc); *Davis v. Gallagher*, No. 1:16-cv-1405, 2016 WL 7403941, *4 (W.D. Mich. Dec. 22, 2016).

Accordingly, any intended Fourteenth Amendment substantive due process claims will be dismissed for failure to state a claim.

### 3.    Equal Protection Claims

In the complaint, Plaintiff claims that "in the past, lots of white people have had problems with [Defendant] Blankenburg because of the color of their skin," and Plaintiff "think[s] and believe[s] that [Defendant] Blankenburg determined [his MDOC] Parole Board Notice of Action/Decision based off the color of [his] skin like all the other white people that she has denied." (Compl., ECF No. 1, PageID.3.) The Court construes this allegation to raise a Fourteenth Amendment equal protection claim.

To state a violation of the Equal Protection Clause, an inmate must show that the defendants purposefully discriminated against him. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977). Such discriminatory purpose must be a motivating factor in the actions of the defendants. *Id.* at 265–66. "A plaintiff presenting a race-based equal protection claim can either present direct evidence of discrimination, or can establish a prima facie case of discrimination under the burden-shifting scheme set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Umani v. Mich. Dep't of Corr.*, 432 F. App'x 453, 458 (6th Cir. 2011) (citing *Arendale v. City of Memphis*, 519 F.3d 587, 603 (6th Cir. 2008)).

Here, Plaintiff claims that he was discriminated against due to his race. (*See* Compl., ECF No. 1, PageID.3.) However, Plaintiff's allegations of discriminatory treatment are wholly conclusory. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Plaintiff fails to allege sufficient facts to support a claim of intentional race discrimination by either direct or indirect evidence. *See Davis v. Prison Health Servs.*, 679 F.3d 433, 440 (6th Cir. 2012) (discussing the distinction between direct and indirect methods of proving discrimination). First, Plaintiff fails to allege any facts constituting direct evidence of discriminatory motive or purpose. *See Umani v. Mich. Dep't of Corr.*, 432 F. App'x 453, 458 (6th Cir. 2011) ("[D]irect evidence of

10

discrimination does not require a fact-finder to draw any inferences in order to conclude that the challenged . . . action was motivated at least in part by prejudice against members of the protected group." (quoting *Johnson v. Kroger Co.*, 319 F.3d 858, 865 (6th Cir. 2003))); *see also Tibbs v. Calvary United Methodist Church*, 505 F. App'x 508, 512 (6th Cir. 2012) (discussing that "[d]irect evidence is composed of only the most blatant remarks, whose intent could mean nothing other than to discriminate on the basis of some impermissible factor" (citation omitted)); *White v. Columbus Metro. Hous. Auth.*, 429 F.3d 232, 239 (6th Cir. 2005) ("Isolated and ambiguous comments are insufficient to support a finding of direct discrimination." (citation omitted)). Second, Plaintiff fails to allege a *prima facie* claim under the indirect, burden-shifting framework because he fails to allege that other inmates who were not members of the protected class were treated differently and were similarly situated in all relevant respects. *See Umani*, 432 F. App'x at 458.

To be a similarly situated, "the comparative [prisoner] 'must have dealt with the same [decisionmaker], have been subject to the same standards, and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the[] [decisionmaker's] treatment of them for it.'" *Umani*, 432 F. App'x at 460 (quoting *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998)). In this action, Plaintiff alleges in a conclusory manner that "lots of white people have had problems with [Defendant] Blankenburg because of the color of their skin," however, he fails to allege any facts about comparative prisoners who were similarly situated in all relevant respects and treated differently. (Compl., ECF No. 1, PageID.3.)

Indeed, besides Plaintiff's conclusory assertion that Defendant Blankenburg's parole denial was "based off the color of [Plaintiff's] skin like all the other white people that she has

denied," Plaintiff's complaint contains no facts to support his equal protection claim. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements.").

Furthermore, even viewing Plaintiff's equal protection claim as a class-of-one claim, the Court would reach the same conclusion because Plaintiff's equal protection claims are wholly conclusory, and he has alleged no facts that plausibly show that he was treated differently than others who were similarly situated in all relevant respects.

Accordingly, for these reasons, Plaintiff's Fourteenth Amendment equal protection claims will be dismissed.

### B.    State Law Claims

Plaintiff also alleges that Defendants violated state law. (*See* Compl., ECF No. 1, PageID.4 (alleging that Defendants "put slander on [his] name").) Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's assertion that Defendants violated state law fails to state a claim under § 1983.

Further, in determining whether to retain supplemental jurisdiction over state law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)). Here, Plaintiff's federal claims against Defendants will be dismissed,

and the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Therefore, Plaintiff's state law claims will be dismissed without prejudice.

### Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's federal claims will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's state law claims will be dismissed without prejudice.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore*, 114 F.3d at 611. For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.


Dated:    April 28, 2025                                    /s/ Ray Kent
                                                            Ray Kent
                                                            United States Magistrate Judge